IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRIAN SCOTT WILSON #1435418 | § | |
| v. | § | CIVIL ACTION NO. 6:07cv232 |
| GARY JOHNSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Brian Wilson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Wilson complains that the time credit computation on his sentence is incorrect and that he is being unlawfully held in TDCJ past the expiration of his sentence. On September 10, 2007, after review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted that Wilson was challenging the fact or length of his detention and that as such, his proper remedy lay in habeas corpus. The Magistrate Judge stated that under Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), in order to recover damages for allegedly unconstitutional conviction or imprisonment, a Section 1983 plaintiff must show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Because a judgment in Wilson's favor in his civil lawsuit would call the fact or length of his confinement into question, the Magistrate Judge determined that Wilson

was bound by the requirements set out in Heck; because Wilson did not meet these requirements, the Magistrate Judge recommended that his civil lawsuit be dismissed until he did so.

Wilson filed objections to the Magistrate Judge's Report on September 25, 2007. In his objections, Wilson says that his complaint is that he is being denied time credits on his sentence and that he is being held in confinement on a sentence which has been completed. He says that in April of 2006, the Court of Criminal Appeals stated that he had alleged facts which, if true, entitle him to relief; despite this, he says, he was never given a hearing, nor was counsel appointed or discovery undertaken.

Wilson's objections are without merit. The fact that his complaint concerns the denial of time credits and his allegedly unlawful detention is precisely why his proper remedy lies in habeas corpus, and why his Section 1983 claim is barred by Heck. As the Magistrate Judge noted, Wilson did file a state habeas petition, and fact-finding proceedings were ordered; after these were concluded, Wilson's state petition was dismissed as moot. The fact that the Court of Criminal Appeals directed the trial court to undertake fact-finding proceedings does not in itself satisfy the Heck requirements.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of a Section 1983 lawsuit challenging the validity of Wilson's time credit computations or his confinement, until such time as the Heck requirements are met, but without prejudice to Wilson's right to seek relief from his confinement or the calculation of his time credits

through any lawful means, including but not limited to state or federal applications for habeas corpus relief. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 27th day of September, 2007.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE